L. Scott Keehn, SBN 61691
Charles F. Robbins, SBN 132666
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone:  619-232-1700
Facsimile:  619-544-9095

Attorneys for Debtor
**DEMOSTHENIS S. KANAKARIS**

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No. 05-04358-JH7 |
| **DEMOSTHENIS S. KANAKARIS,** | **DEBTOR'S:** |
| Debtor. | (1) REPLY TO OPPOSITION TO THE FORM OF THE DEBTOR'S ORDER AVOIDING JUDICIAL LIEN; AND |
| | (2) OBJECTION TO THE FORM OF THE "ALTERNATIVE ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)" |
| | **DEPT.:**  Three<br>**JUDGE:**  Hon. John J. Hargrove |

DEMOSTHENIS S. KANAKARIS, the debtor herein ("Debtor"), respectfully submits his objection to the "Alternative Order Granting Debtor's Motion to Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f)" (the "Alternate Order") submitted by judgment creditor PETER GILBOY dba JUDGMENT TRACKERS ("Gilboy"). In opposition to the Alternate Order the Debtor represents the following:

/ / /

1   On January 20, 2006, this Court conducted its hearing on the Debtor's motion to avoid a
2 portion of the judgment liens of Gilboy. The Court granted the Debtor's motion in its entirety, and
3 instructed Debtor's counsel to draft the order.  Debtor's counsel drafted an order that conformed to
4 the Court's ruling and applicable law, but a dispute emerged regarding whether post-petition
5 interest would continue to accrue on one of Gilboy's judgment liens.  Despite dialogue, the
6 dispute ended in impasse.

7   On February 10, 2006, the Debtor lodged his proposed "Orders: 1)  Granting Debtor's
8 Motion to Avoid Judicial Lien, etc." (the "Proposed Orders", Docket Item No. 87).

9   On February 17, 2006, Gilboy submitted papers in opposition to the Proposed Orders[1] (the
10 "Objection"), as well as his Alternate Order [2].  Both the Objection and the Alternative Order are
11 followed for the reasons outlined below.

12   Gilboy argues that although he is a judgment creditor on both judgment liens, the Proposed
13 Order improperly combines the two judgments and subjects both of them to the same "laundry list
14 of relief, which relief was not granted"[3].  He argues that because the first priority judgment lien
15 does not impair the Debtor's homestead, it is not subject to the relief granted by this Court.  This
16 argument is indefensible.  The relief provided in the Proposed Order is in full compliance with the
17 relief articulated by this Court and applicable bankruptcy law.

18   The Proposed Order fixes the amounts of the two Gilboy liens.  The first lien, in favor of
19 First Commerce & Loan Limited Partnership and/or Gilboy (the "First Commerce Lien"), is fixed
20 at the full amount due on the petition date, which was $36,970.31.  The second lien, in favor of
21 GEM International, Inc. and/or Gilboy (the "GEM Lien"), is fixed at the amount due on the
22 petition date, which was $145,366.25.  As stated in the Proposed Order, these amounts reflect all
23  of the equity available from the fair market value of the Property as of the petition date after
24 deducting the amounts of the consensual liens and the Debtor's homestead.

---

[1] Docket Item No. 93.

[2] Docket Item No. 94.

[3] Opposition Papers, page 2, lines 15-18.

- 1 -   105736/CFR/5303.01

Gilboy argues that because the First Commerce Lien does not impair the Debtor's homestead, it is not subject to any of the relief set forth in the Proposed Order, including the prohibition against the accrual of post-petition interest on either the First Commerce Lien or the GEM Lien.[4]. He seems to believe that he is entitled to post-petition interest, at least with regard to the First Commerce Lien. But this position turns on its head the relief afforded under 11 U.S.C. § 522(f) as interpreted in the Ninth Circuit.

In *In re Hanger*,[5] this issue was addressed by the Bankruptcy Appellate Panel, with the Judge of this Court participating. There the BAP reviewed the relief provided by 11 U.S.C. § 522(f) and how it was affected by the 1994 amendments to the Bankruptcy Code. After reviewing the history of section 522(f), the BAP concluded:

> The 1994 amendment adopted the full avoidance approach and the formula given is simply a restatement of the *Brantz*[6] formula. *This formula is more favorable for debtors by allowing them the full benefit of the exemption and the benefit of any post-avoidance appreciation in the value of the property*. (*In re Hanger*, supra, at 596, footnote; emphasis added.)

Given that 522(f), as recognized by the BAP, is intended to allow debtors "the full benefit of the exemption and the benefit of any post-avoidance appreciation in the value of the property", then it only stands to reason that post-petition interest cannot accrue on judicial liens where the aggregate amount of such liens impairs the homestead. If senior Judgment Liens were allowed to accrue interest, then in order to give the debtor the full benefit of the exemption and post avoidance appreciation, the surviving portion of the junior Judgment Lien would have to be continuously reduced — dollar-for-dollar — by the amount of the accruing interest. Such a construction would not only be unmanageable as a practical matter, but it invites further controversy (and expense to the debtor) at the time the debtor seeks to realize the full benefit of his exemption by selling or refinancing his homestead and seeks pay-off demands for any surviving Judgment Liens. That is not the full benefit envisioned by the BAP in *Hanger*. The

---

[4] Opposition Papers, page 2, lines 21-26.

[5] 217 B.R. 592, 596 (9th Cir. BAP 1997)

[6] 106 B.R. 62 (Bankr. E.D. Pa. 1989).

1 Order conforms to the simpler approach that is consistent with *Hanger* and simply freezes all
2 entitlements as of the petition date. Gilboy ignores *Hanger* and demands post-petition interest.
3 He, not the Debtor, is preparing for a new fight. He would reserve the right to interfere with any
4 sale or refinance of the Property by claiming post-petition interest to which he is not due. If
5 Gilboy submits his demand to escrow which improperly includes post-petition interest, the Debtor
6 will be forced to return this Court for clarification and enforcement of an Order that should be a
7 clear and final determination of the Judgment Lien's surviving value. The related expense will
8 erode not preserve the value of the exemption. The Proposed Order, as written, makes it clear that
9 post-petition interest is not to accrue.

10     The Proposed Order accurately and completely reflects this Court's ruling; and it creates a
11 clear and *bright -line* standard, easily followed by any escrow officer handling a sale or refinance
12 of the Property.

13     The Alternate Order proposed by Gilboy does just the opposite. It permits Gilboy to claim
14 post-petition interest - interest to which he is clearly not entitled — and adds a new and
15 inappropriate variable to the redemption equation. He can use this to improperly extract some
16 further amount out of the Debtor rather than incurring the additional expense of renewing action
17 before this Court for clarification of his order.

18     The Proposed Order — as do all such orders drafted by this office — includes language
19 regarding contempt. This impugns the character of no man, but only serves as a reminder of
20 existing law and discourages improvident activity. It creates a bright-line standard for Gilboy or
21 his successors in interest. If they contemplate submitting payoff demands in excess of the
22 specifically sanctioned amounts, they will have had fair warning of the potential consequences.

23     For these reasons, this Court should overrule Gilboy's objection, enter the Proposed Order
24 and reject Gilboy's Alternate Order.

Dated: February 24, 2006    **ROBBINS & KEEHN**
A Professional Corporation

By: //s// L. Scott Keehn
L. Scott Keehn
Charles F. Robbins
Attorneys for Debtor
**DEMOSTHENIS S. KANAKARIS**

- 3 -    105736/CFR/5303.01