Bernard M. Hansen, Esq. (Cal. Bar No. 115751)
515 Juniper Street
San Diego, CA 92101
(619) 234-3374
Facsimile (619) 234-3375

Attorney for Peter Gilboy dba Judgment Trackers

FILED SD
06 MAR 13 PM 2:52
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEMOSTHENIS KANAKARIS aka DENNY KANAKARIS<br><br>Debtor. | CASE NO. 05-04358-H7<br><br>JUDICIAL LIEN CREDITOR'S RESPONSE IN SUPPORT OF OPPOSITION TO THE FORM OF THE DEBTOR'S ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)<br><br>DATE: March 15, 2006<br>TIME: 11:00 a.m.<br>DEPT.: Three<br>HONORABLE JOHN J. HARGROVE |

INTRODUCTION

The First Commerce Lien on the Debtor's interest in his residence is fully and irrevocably released. Whether the two judgment creditor liens can be combined into one judgment creditor lien as suggested by the Debtor is no longer an issue. The only change in the homestead calculation is the "Net Available to GEM Judgment Lien". It is now $219,306.97.

1

This Court should exercise its discretion to allow the undisputable fact of the release of lien to be incorporated into the Court's ruling. There is no good reason not to recognize the facts as they exist and multiple reasons good reasons to apply the facts as they are known. The Debtor delayed. Mr. Gilboy acted as soon as he reasonably could. The Debtor raised at least one new issue after the hearing to the prejudice of Mr. Gilboy.

Both federal and state statutes clearly provide that judgments earn interest. Mr. Gilboy respectfully submits that this Honorable Court lacks the authority to abrogate these provisions.

This Court should not accept the Debtor's invitation to adjudicate events that have not happened. If under the Debtor's proposed order the Court is only reiterating existing law, nothing is being added to the order and any such extra language does not constitute a ruling on an issue. If the Debtor's proposed order reflects a ruling on a matter before the Court, what was the matter and when was it raised? Finally, if the proposed order is a ruling on possible future events, it is inappropriate to prejudge events that have not happened.

## JUDICIAL NOTICE

Mr. Gilboy requests that this Court take judicial notice of the Court's own files for this case and also, of the Debtor's previous chapter 13 filing.

## STATEMENT OF FACTS

First and by way of background, there are two judicial liens against the Debtor's Residence. The First Commerce Lien was created by an abstract of judgment recorded on December 18, 1998, well before the second judgment lien.

The second judgment lien is the GEM International Lien, which was created by an abstract of judgment recorded on October 18, 2000.

On January 25, 2005, the Debtor and his spouse filed a joint petition for relief under chapter 13, Case No. 05-00498-M13. On April 27, 2005, their case was dismissed.

At no time during their chapter 13 case did the Debtors file a motion to avoid a judgment lien of any kind.

\* \* \*

\* \* \*

2

Less than 3 weeks after the dismissal of his first case, the Debtor filed the present chapter 7 case on May 16, 2005. The Debtor sought no relief under 11 U.S.C. §522 (f) for several months.

The Debtor finally obtained the hearing date of January 20, 2006 for his motion to avoid Mr. Gilbert's judgment liens and the Debtor timely filed his moving papers.

In his moving papers, the Debtor took the position that Mr. Gilboy "is the assignee of two separate judgment liens <u>against the Debtor only</u>." Emphasis in original. Declaration of the Debtor filed on November 14, 2005, p. 2, line 12.

On November 29, 2005, Mr. Gilboy took exception. "*The judgment* [First Commerce Lien] *is against both Kanakaris and his wife Antoinette*." Emphasis in original. Mr. Gilboy's Opposition filed on November 29, 2005, p. 2, line 16-17.

The Debtor waited 45 days to file his reply. On January 13, 2006, the Debtor filed his reply. On the last page of his reply, the Debtor casually notes: "Denny acknowledges that both he and Antoinette are liable for the earlier First Commerce lien ...".

This matter came on for hearing on January 20, 2006.

Subsequently, the Debtor lodged his proposed order. Mr. Gilboy opposed the form of this order and submitted his own. Mr. Gilboy contends the Debtor sought dramatic new relief in his proposed order that was not in the Debtor's moving papers, is contrary to law and inapposite to what this Court did rule. The Debtor replied.

On March 7, 2006, Mr. Gilboy recorded his Release of the First Commerce Lien thereby irrevocably releasing the First Commerce Lien against the Debtor's one-half separate property interest in the Property.

LEGAL ARGUMENT

A.   This Court Should Recognize the Release of the First Commerce Lien and Adjust the Amount of the GEM International Lien.

CCP § 697.370 provides:

    (a)    The judgment creditor may do either of the following:
            (1)    Release from the judgment lien all or part of the real property subject to the lien.

3

Mr. Gilboy may release some or all of his judgment lien at any time. There are no conditions he must first fulfill. Mr. Gilboy has taken advantage of the rights given to him by the State of California and completely released the First Commerce Lien against the Debtor's one-half separate property interest in the Property.

As there is no First Commerce Judgment Lien on the Debtor's one-half interest in his Residence, the $36,970.31 drops out of the equation as follows:

| | |
|---|---|
| Fair Market of Residence | $695,000 |
| Consensual Liens | ($180,326.68) |
| Subtotal: | $514,673.32 |
| Kanakaris's One-half Equity Interest | $257,336.66 |
| Kanakaris's Homestead | $ 75,000 |
| Amount Available to Satisfy Judgment Liens | $182,336.66 |
| First Commerce Lien (1st priority) | $      0.00 |
| Net Available to GEM Judgment Lien | $182,336.66 |

This Court should exercise its discretion to allow the undisputable fact of the release of lien to be incorporated into the Court's ruling.

1. Debtor's Delay.

On January 25, 2005, the Debtor filed his first bankruptcy, but did not have his delayed motion to avoid heard until well into his second bankruptcy, 360 days later, on January 20, 2006.

Even if the Court were to look at only the delay in the present bankruptcy case, it is still 8 months, May 16, 2005 to January 20, 2006. The Debtor has never been in a hurry to take advantage of his avoidance rights.

2. Mr. Gilboy Took Action as Soon as He Could.

Until the Debtor filed his motion to avoid, Mr. Gilboy had no reason to consider unilaterally removing the First Commerce Lien from the Debtor's interest in the Property. He was under no duty to do so. The Debtor had already churned through one bankruptcy and there was no way to know if his second bankruptcy would have the same outcome.

4

The Debtor's belated motion to avoid shocked Mr. Gilboy in at least one regard. The Debtor stated under penalty of perjury that his wife was not a debtor under either judgment lien. Mr. Gilboy had a copy of the First Commerce abstract of judgment. It listed the Debtor's wife. Mr. Gilboy could not take the chance of releasing the First Commerce Lien against the Debtor's one-half interest and then have this Court rule that the wife's one-half separate property interest is not subject to the judgment lien. No creditor in Mr. Gilboy's position would have released one-half of his judgment lien when the other one-half was in dispute. Hence, even after filing his opposition at the end of November 2005, Mr. Gilboy could not reasonably release anything.

The Debtor, as he has the right to do under local rules, choose to file his reply 45 days later on January 13, 2006, 7 days before the hearing. Only then did the Debtor state Mr. Gilboy was correct.

Mr. Gilboy did not have a right to file a response to the reply. Following the local rules, Mr. Gilboy did not have an avenue to inform the Court and the Debtor of any release of lien even if that is what he chose to do.

Mr. Gilboy briefly raised this issue at the hearing on January 20, 2006. At that time no release had been recorded. Mr. Gilboy can not be faulted in raising this issue at the end of the proceedings. He could not raise it earlier. The Debtor was disputing the very premise upon which Mr. Gilboy would record a release. That being if he released the Debtor he would still have the wife.

The Debtor delayed months on his end. Mr. Gilboy, at worst, delayed hours.

3. The Debtor Raised a New Issue after the Hearing.

The Debtor did not ask this Court to rule that the abstract of judgment will not earn interest either in his moving papers, reply papers or at the hearing. The first time the Debtor raised this issue was in his lodged order.

This Court should exercise its discretion to allow the undisputable fact of the release of lien to be incorporated into the Court's ruling. There is no good reason not to recognize the facts as they exist and multiple reasons good reasons to apply the facts as they are known. The Debtor

5

delayed. Mr. Gilboy acted as soon as he reasonably could. The Debtor raised at least one new issue after the hearing to the prejudice of Mr. Gilboy.

B.    Interest Is Mandated by Statute.

28 U.S.C. §1961 (a) provides in relevant part, "Interest shall be allowed on any money judgment in a civil case recovered in district court." CCP §685.010(a) states, "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."

Judgments earn interest. There is nothing in 11 U.S.C. §522 that states to the contrary or even hints to the contrary.

C.    It Is Premature for Contempt Proceedings.

This Court should not accept the Debtor's invitation to adjudicate events that have not happened. If under the Debtor's proposed order the Court is only reiterating existing law, nothing is being added to the order and any such extra language does not constitute a ruling on an issue. If the Debtor's proposed order reflects a ruling on a matter before the Court, what was the matter and when was it raised? Finally, if the proposed order is a ruling on possible future events, it is inappropriate to prejudge events that have not happened.

## CONCLUSION

Mr. Gilboy respectfully requests that this Court exercise its discretion to allow the undisputable fact of the release of lien to be incorporated into the Court's ruling.

Dated: March 13, 2006

Bernard M. Hansen
Attorney for Peter Gilboy dba Judgment Trackers

## PROOF OF SERVICE

I, the undersigned, certify and declare I am a citizen of the United States, over the age of 18 years and not a party to the within action. On March 13, 2006, I served the following document(s):

JUDICIAL LIEN REDITOR'S RESPONSE IN SUPPORT OF OPPOSITION TO THE FORM OF THE DEBTOR'S ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)

DECLARATION OF BERNARD M. HANSEN IN SUPPORT OF CREDITOR'S RESPONSE IN SUPPORT OF OPPOSITION TO THE FORM OF THE DEBTOR'S ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)

by personally delivering a copy of the original above-listed documents(s) to:

L. Scott Keehn, Esq.

Robbins & Keehn

530 "B" Street, Suite 2400

San Diego, CA  92101

I am a member of the bar of this court. Executed on March 13, 2006, at San Diego, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Bernard M. Hansen