**WRITTEN DECISION - FOR PUBLICATION**

MAR 24 2006

X FILED
___ ENTERED
___ LODGED
___ RECEIVED

MAR 23 2006

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | ) CASE NO. 05-04358-H7 |
|---|---|
| DEMOSTHENIS KANAKARIS, | ) MEMORANDUM DECISION |
| Debtor. | ) |

At issue is whether postpetition interest will continue to accrue on a judgment creditor's liens to the extent they are unavoidable under 11 U.S.C. § 522(f)(1)(A).

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312-D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## DISCUSSION

This Court found that judgment creditor's[1] first lien was unavoidable and judgment creditor's second lien was partially

---

[1] Peter Gilboy is the assignee of two judgment liens recorded against debtor's property. The first is a judgment lien originally in favor of First Commerce & Loan, Ltd. in the approximate amount of $36,970.31 (the "First Commerce Lien"). The second is a judgment lien in favor of Glenn E. Martin, GEM International, and GEM International, Inc. in the approximate amount of $846,972.86 ) (the "GEM International Lien").

avoidable under 11 U.S.C. § 522(f)(1)(A). Debtor argues that judgment creditor is not entitled to postpetition interest on those amounts that remain on his property and cites Bank of Am. Nat'l Trust and Sav. Ass'n v. Hanger (In re Hanger), 217 B.R. 592 (B.A.P. 9th Cir. 1997) in support. Debtor maintains that Hanger stands for the proposition that § 522(f) is intended to allow debtors the full benefit of their homestead exemption through any post-avoidance appreciation in the value of their property. Debtor concludes that "it only stands to reason that postpetition interest cannot accrue on judicial liens where the aggregate amount of such liens impairs the homestead." The Court finds debtor's argument unpersuasive.

A.   Debtor's Homestead Exemption is Fully Protected

Section 522(f)(1) states that the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled...." "The purpose of § 522(f) is to protect a debtor's exemptions," Weeks v. Pederson (In re Pederson), 230 B.R. 158, 163 (B.A.P. 9th Cir. 1999), not to provide a windfall to the debtor. See Hanger, 217 B.R. at 594 ("Section 522(f)(1) was not intended to free the debtor's property of judicial liens altogether; rather it was intended to preserve the debtor's exemption."); See also In re Willets, 262 B.R. 552, 556 (Bankr. N.D. Fla. 2001) ("Lien avoidance only extends to the removal of impediments to exemptions to which the debtor would have been entitled. There is no provision in the Code or the case law that provides for the increase in a debtor's property rights through the lien avoidance mechanism.").

Debtor does not dispute that the First Commerce Lien remains

on his property in total because it did not impair his homestead exemption, nor does he dispute that a portion of the GEM International Lien remains on his property because it did not impair his homestead exemption. Debtor's exemption is therefore fully protected in accordance with the intent of § 522(f).

B.   **The Value of a Lien is Measured as of the Petition Date**

Debtor argues that the judgment liens were "fixed" in value as of the petition date and, therefore, no postpetition interest is authorized. The values of the judgment liens are "measured" as of the petition date (not "fixed" as argued by the debtor) for purposes of applying the formula in § 522(f)(2)(A). In re Salanoa, 263 B.R. 120, 123 (Bankr. S.D. Cal. 2001) (finding that the petition date is the operative date to make all § 522(f) determinations for purposes of applying the formula, i.e., the fair market value of the debtor's property, the amount of the debtor's exemption, and the value of the liens are measured as of the date of the filing of the petition). The Salanoa court noted that this "approach is consistent with Dewsnup because it allows a lien creditor to enjoy the increase in value if the lien is not avoided. However, it also preserves the parties' rights as they existed on the petition date to the extent the lien is avoidable under section 522(f)." Id.

C.   **An Unavoidable Lien "Rides Through" the Bankruptcy Unaffected**

A secured creditor's lien rides through the bankruptcy unaffected unless the Bankruptcy Code clearly permits its modification, i.e. in reorganization cases. Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); See also United States v. Ron Pair Enters., Inc., 489 U.S. 235, 109 S.Ct. 1026, 103

L.Ed.2d 290 (1989) (involving the interpretation of § 506(b) in context of Chapter 11 case and holding that post-petition interest was available to oversecured creditors whose liens were nonconsensual). Section 522(f)(1) does not say "that the debtor may undo a lien on an interest in property," <u>Pederson</u>, 230 B.R. at 160, nor does it say that a judgment lien holder's rights are somehow modified upon the filing of an avoidance action. The Court finds therefore that a judgment creditor's lien, to the extent it remains on debtor's property, rides through the debtor's bankruptcy unaffected. This Court has no authority to stop the accruing of postpetition interest or "modify" a judgment creditor's unaffected judgment lien by virtue of debtor's avoidance action.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. For the reasons stated above, the Court has approved judgment creditor's alternative order which authorizes the accrual of interest on his judgment liens to the extent they remain on debtor's property. No further order is requested.

Dated: March 23, 2006.

JOHN J. HARGROVE
UNITED STATES BANKRUPTCY JUDGE

S:\Kanalienavoid.wpd

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re: Bankruptcy Case No. 05-04358-H7

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

## MEMORANDUM DECISION

was enclosed in a sealed envelope bearing the lawful frank of the bankruptcy judges and mailed to each of the parties at their respective addresses listed below:

**Attorney(s) for Debtor:**
L. Scott Keehn, Esq.
Charles F. Robbins, Esq.
Robbins & Keehn
530 "B" Street, Suite 2400
San Diego, CA 92101

**Attorney(s) for Judgment Creditor:**
Bernard M. Hansen, Esq.
515 Juniper Street
San Diego, CA 92101

Said envelope(s) containing such document was deposited by me in a regular United States Mail Box in the City of San Diego, in said District on March 23, 2006.

Karen Nickerson (Deputy Clerk)
Judicial Assistant to the Honorable John J. Hargrove

CSD 1195